**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20403
Summary Calendar
_____


ANNE W. ROBINSON,

                                    Plaintiff-Appellant,

VERSUS

BAKER HUGHES OILFIELD OPERATIONS, INC.,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-96-H-3702)
_____

January 19, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


In this title VII employment discrimination case, Anne Robinson appeals a summary judgment in favor of defendant Baker Hughes Oilfield Operations, Inc. ("Baker"). Because Robinson failed to raise a genuine issue of material fact regarding Baker's proffered evidence of a nonretaliatory motive, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson worked for Teleco Oilfield Services, Inc. ("Teleco"), from January 1984 until she was laid off in July 1986. In 1989, she was rehired as an assembler. In June 1992, Baker purchased Teleco and relocated Robinson from Connecticut to Houston, Texas, where she was assigned to work as an electronic assembler.

From 1993 through 1996, Connie Desiata served as Robinson's supervisor. Desiata testified that she noticed recurrent job performance problems with Robinson and that Robinson reacted defensively to constructive criticism. At one point, Robinson claimed that her co-workers had sabotaged her work product, a claim that was not substantiated by Baker's investigation. Robinson's co-workers began to complain of difficulty in working with her.

On a more objective level, Desiata documented Robinson's poor handback record. "Handbacks" are products returned to the assembler on account of their substandard assembly. Between September and December 1995, only 15 of Robinson's 37 assembled products were deemed acceptable, and Robinson's 68% handback rate far exceeded Baker's workmanship standards.

In February 1996, the "Lead Night Person" position became available in Houston, and Robinson applied for it. Her application was rejected, and Desiata explained to her that this was because of her performance and conduct. Robinson was upset and suffered an anxiety attack requiring hospitalization. She also claims that she was denied the position because of her race: Robinson is black, and the co-worker who was promoted to the Lead Night Person

position was not black.

In the days following the Lead Night Person announcement, Robinson showed up at work sporadically and spoke to Desiata in abusive terms. Robinson was warned that her conduct would not be tolerated and that her quality of work needed to improve. Baker arranged for an additional workmanship training class for Robinson; she was upset by this, calling it punishment. Following the recommendation of Robinson's doctor, Baker placed Robinson on short-term disability leave and sought a less stressful position for her.

On April 3, 1996, Robinson filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that Baker had discriminated against her when it failed to assign her to the Lead Night Position. On April 29, Robinson returned to work in the repair group, a transfer Baker had arranged in its effort to accommodate her condition. Baker contends that Robinson's work performance and conduct problems persisted, leading to her firing on May 17, 1996. Robinson contends that this was in retaliation for her complaint to the EEOC.

## II.

Title VII prohibits discrimination against an employee in retaliation for his exercise of title VII rights. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir.), *cert. denied*, 118 S. Ct. 336 (1997). The elements for a title VII claim are: (1) an employee's exercise of his title VII rights; (2) the

3

employer's decision to take adverse employment action; and (3) a causal connection between the employee's title VII activity and the adverse action. *Id.*

The parties do not dispute that the first two of these elements have been satisfied. The sole issue is whether Baker's action against Robinson was causally connected to the EEOC claim.

To withstand a motion for summary judgment, a title VII plaintiff must first establish the *prima facie* elements of his claim. See *Hall v. Gillman*, 81 F.3d 35, 37 (5th Cir. 1996). Robinson has done so: The satisfaction of elements one and two is undisputed, and the satisfaction of the third element can be inferred from the proximity of the EEOC complaint to the discharge. See *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.), *cert. denied*, 118 S. Ct. 366 (1997).

Following the presentment of a *prima facie* case, a title VII defendant is entitled "to articulate a legitimate, nondiscriminatory reason for its disparate treatment of the plaintiff." *Hall*, 81 F.3d at 37. That is, Baker had an opportunity to rebut the inference that the third element of Robinson's claimSScausationSS has been established. Baker successfully availed itself of this opportunity by explaining that Robinson was fired not because of the EEOC complaint but because of poor workmanshipSSan explanation fully supported by the record.

"[O]nce [an] employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer

4

that retaliation was the real motive." *Swanson*, 110 F.3d at 1188. This Robinson utterly failed to do. Instead, she asserts that Baker has never rebutted the inference of retaliatory motive, for Baker's explanation does not account for *both* the adverse action *and* its timing. More specifically, Robinson avers that Baker has failed to explain why it discharged her *when* it did.

Robinson's argument does not hold water. The record indicates that Baker had good reason to fire her for poor workmanship and attitude since, at the very least, December 1995. Thus, Baker would have been justified in firing Robinson at any time during 1996, and the interposition of an EEOC claim did not undermine the legitimacy of Baker's decision. To hold otherwise would give even the worst of employees a means of protection against discharge via the filing of frivolous title VII claims.

Moreover, Baker's explanation did go specifically to the timing of its decision to terminate Robinson: She was terminated only after she failed to perform satisfactorily in a different capacity in another department. Baker gave Robinson several "second chances" to improve her performance and fired her only after she had failed to avail herself of yet another one of these opportunities.

Because Robinson has not established a genuine issue of material fact with regard to the credibility of Baker's asserted reason for firing her, summary judgment was the appropriate vehicle for disposing of her claim. *See Hall*, 81 F.3d at 37; *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995) (stating that

5

"bald assertions of . . . discrimination are inadequate" to rebut a title VII defendant's reasonable explanation). The judgment is AFFIRMED.